UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELAINE MOHLER, Individually and as Special Administrator for the Estate of LARRY MOHLER, Deceased, | Case No. 3:13-CV-01221-JPG-SCW |
| Plaintiffs, | (Third Judicial Circuit, Madison County, Illinois – Case No. 13-L-1584) |
| v. | |
| AIR & LIQUID SYSTEMS CORP, et al., | CRANE CO.'S NOTICE OF REMOVAL |
| Defendants. | |

## CRANE CO.'S NOTICE OF REMOVAL

Defendant Crane Co. hereby removes this action from the Third Judicial Circuit, Madison County, Illinois to the United States District Court for the Southern District of Illinois based upon federal officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. The grounds for removal are as follows:

1.  On or about September 18, 2013, plaintiff initiated a civil action entitled *Elaine Mohler, Individually and as Special Administrator for the Estate of Larry Mohler, Deceased v. Air & Liquid Systems Corp., et al.*, Case 13-L-1584 in the Third Judicial Circuit, Madison County, Illinois.  A copy of the Complaint is attached hereto as **Exhibit 1**.

2.  The complaint alleges, *inter alia*, that Larry Mohler was exposed to asbestos from products sold or supplied by Crane Co. while serving in the United States Navy from 1956 to 1959.  *Id.* at ¶¶ 4 – 5.

3.  Crane Co. was served with the complaint on October 25, 2013.  *See* **Exhibit 1**.

4.  Crane Co.'s Notice of Removal is timely pursuant to 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Crane Co. is filing this Notice of Removal within thirty (30) days of receipt, through service, of a copy of Complaint.  The Complaint alerted Crane Co. that the

46532464.1

action was removable – i.e., that plaintiffs' claims against Crane Co. involved equipment specifically designed and manufactured in accordance with specifications by and under control of the Navy.

5. Removal to the United States District Court for the Southern District of Illinois is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in the Third Judicial Circuit, Madison County, Illinois, which is located within the jurisdiction of this District.

6. Removal is proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer. Removal is appropriate under this provision, where the removing defendant establishes that:

   (1)   the defendant is a person under the statute;

   (2)   the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct;

   (3)   there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and

   (4)   the defendant has raised a colorable defense based upon federal law.

*See Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989). A "person" includes a corporation. *See Winters v. Diamond Shamrock Co.*, 149 F.3d 387, 398 (5th Cir. 1998); *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992). Crane Co. meets all four elements and therefore is entitled to remove this action pursuant to the federal officer removal statute.

7. With respect to the second element for federal officer removal, Crane Co. was acting under the direction of the Navy within the meaning of 28 U.S.C. § 1442(a)(1) in the design, manufacture, and sale of its products for and to the Navy. Crane Co. products were designed and manufactured pursuant to precise contracts and specifications approved by the Navy. *See* Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff."), at ¶¶ 5-6, attached hereto as

46532464.1

**Exhibit 2**; Affidavit of David P. Sargent ("Sargent Aff."), at ¶¶ 22-32, attached hereto as **Exhibit 3**. Since the 1950's, the Navy issued Military Specifications (MILSPECs) for various products, including the types of products allegedly manufactured or supplied by Crane Co., and certain MILSPECs required the use of asbestos or asbestos components. *See* Sargent Aff., at ¶¶ 26-27, and 32. Moreover, compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. Sargent Aff., at ¶ 29. Unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships. Sargent Aff., at ¶ 29. Thus, given the Navy's direct and detailed control over the design and manufacture of Crane Co. products, Crane Co. has met this element.

8. In light of the specific direction and strict control of the Navy over the design and manufacture of Crane Co. products detailed above, there exists a strong causal nexus between Plaintiffs' claims and Crane Co.'s actions, thereby meeting the third element. *Winters*, 149 F.3d at 400 (holding, in a product liability context, the causal nexus test is met when the government (1) provided specifications for product composition, warnings and delivery, (2) compelled the defendant's manufacture of the product, and (3) supervised the defendant's actions). Plaintiffs' claims against Crane Co. depend solely on the actions taken by Crane Co. in accordance and compliance with directions from the Navy.

9. With respect to the fourth element, Crane Co.'s government contractor defense is a colorable federal defense to Plaintiffs' claims. As set forth in the product liability/design defect context by the Supreme Court of the United States in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988), the government contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications;

46532464.1

and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.  *See e.g. Hagen v. Benjamin Foster*, 739 F. Supp. 2d 770, 783 (E.D. Pa. 2010) (finding that removal is appropriate under § 1442(a)(1) when "defendant identifies facts which, in the light most favorable to the defendant, entitle him or her to a complete defense."); *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012) (reversing a remand order finding that the removing defendants raised a colorable federal defense on facts nearly identical to those presented here).[1]

10. At this stage, Crane Co. is not required to "virtually win [its] case" to remove the action, merely to show that its federal defense has some basis in law and fact.  *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa*, 489 U.S. at 128; *Fung*, 816 F. Supp. at 573.

11. Pursuant to the government contractor defense, Crane Co. cannot be liable under state law for any injuries caused by Crane Co. products aboard a Navy ship.  As detailed above, the Navy provided Crane Co. with precise specifications regarding its products and Crane Co. delivered products that conformed to those specifications.  Sargent Aff. at ¶¶ 23-32; Pantaleoni Aff. at ¶¶ 5-6.  The Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co.  *See* Affidavit of Samuel A. Forman ("Forman Aff."), at ¶¶ 21-23, attached hereto

---

[1] Consistent with its decision in *Hagen*, the MDL-875 Court denied motions to remand on nearly identical facts as presented here.  *See e.g., In re Asbestos Products Liability Litig.* (No. VI), 2011 WL 925414, at *4-6 (E.D. Pa. 2011); *Stone v. Various Defendants*, No. 2:09-cv-93726-ER, at 3 n.1 (E.D. Pa. 2011); *Neubrand v. Various Defendants*, No. 2:10-78901, at 2-3 n.1 (E.D. Pa. 2011); *Rabovsky v. Air & Liquid Systems*, No. 10-3202 (E.D. Pa. 2011); *Constantinides v. Alfa Laval*, No. 09-70613 (E.D. Pa. 2011); *Floyd v. Air & Liquid Systems*, No. 10-69379 (E.D. Pa. 2011).  Other district courts that recently analyzed similar claims have consistently denied remands.  *Leite v. Crane Co.*, CV No. 11-00636, 2012 WL 1277222 (D. Haw. 2012) (appeal pending); *Thompson v. Crane Co.*, CV No. 11-00638, 2012 WL 1344453 (D. Haw. 2012) (appeal pending); *Brantley v. Borg-Warner Morse Tec, Inc, et al.*, CV No. 3:12cv540 (S.D. Cal. May 3, 2012); *Vedros v. Northrop Grumman Shipbuilding, Inc.*, 2012 WL 3155180, at *6 (E.D. Pa. Aug. 2, 2012).

as **Exhibit 4**.  Dr. Forman further testified, he has "not located a single instance in which the Navy, at any time period relevant to this case, instructed or permitted a supplier of equipment, such as valves, to a vessel or facility to affix or provide any asbestos-related warning with its equipment."  Forman Aff., at ¶¶ 62-73.  Thus, Crane Co. has a colorable claim that it is entitled to immunity from state tort law in this action under the federal government contractor defense.

12.     Nevertheless, in the past, asbestos plaintiffs have sought to avoid removal to federal court in circumstances like these by relying upon opinions that address the government contractor defense in the context of strict liability/failure-to-warn claims.  The United States Court of Appeals for the Ninth Circuit issued its opinion in *Getz v. The Boeing Company*, which rejects such a narrowed application of the government contractor defense in failure to warn claims.  *Getz v. The Boeing Co.*, 654 F.3d 852, 867 (9th Cir. Aug. 2, 2011) (rejecting the notion that *In re Hawaii Fed. Asbestos Cases*, 960 F.2d 806 (9th Cir. 1992) requires a government prohibition of warnings and holding that to limit a failure to warn government contractor defense "to those instances where the government forbids additional warning or dictates the precise contents of a warning would be inconsistent with the [Supreme] Court's decision in *Boyle*").  Federal courts have unanimously held that the government contractor defense applies to product liability claims based upon a failure to warn theory.  *See, e.g., Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1003-04 (7th Cir. 1996) (holding that "[i]t is well established that the government contractor defense articulated by the Supreme Court in Boyle may operate to defeat a state failure-to-warn claim"); *Hagen*, 739 F. Supp. 2d 770, 783 (holding that "courts have recognized the [government contractor] defense's applicability to failure to warn claims"); *Faddish v. General Electric Co.*, 2010 WL 4146108, at *7 (E.D. Pa. Oct. 20, 2010) ("It is now well established that the government contractor defense is not limited to design defect causes of

46532464.1

action, but also applies to failure to warn claims."); *Kerstetter v. Pacific Scientific Co.*, 210 F.3d 431, 438 (5th Cir. 2000); *O'Connell v. Foster Wheeler Energy Corp.*, 544 F. Supp. 2d 51, 54 (D. Mass. 2008).

13.  Given the proof of significant Navy control over the warnings in conjunction with the Navy's significant knowledge of asbestos hazards, Crane Co. has established a colorable government contractor defense to Plaintiffs' failure-to-warn and design-defect claims.

14.  Federal officer removal should be interpreted broadly. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) (holding that "the Supreme Court has mandated a generous interpretation of the federal officer removal statute"). Indeed, the United States Supreme Court has held that "the right of removal is absolute for conduct performed under color of federal office" such that the policy favoring removal "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Arizona v. Manypenny*, 451 U.S. 232, 242 (U.S. 1981) (marks omitted); *Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, 487 (1st Cir. 1989); *Harris v. Rapid Am. Corp.*, 532 F. Supp. 2d 1001, 1004 (N.D. Ill. 2007); *Hagen*, 739 F. Supp. 2d at 783 ("For policy reasons, Congress has erected a road to federal court for litigants who can invoke a federal defense. It is not the Court's role to impose judicially created tolls on those who seek to travel on it.").

15.  Crane Co. is not required to obtain the consent of any other defendants in this action to remove this action in its entirety under § 1442(a)(1). *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981); *see also Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998).

16.  If Plaintiffs file a motion to remand this action, Crane Co. respectfully requests an opportunity to respond more fully in a supplemental memorandum.

17. As required by § 1446(a), true and correct copies of all process, pleadings, and orders served upon Crane Co. are being filed herewith.

18. Pursuant to 28 U.S.C. § 1446(d), Defendant Crane Co. is filing written notice of this Notice of Removal with the Circuit Court of the State of Illinois in the County of Cook concurrently with the filing of this Notice of Removal, and will serve the same on counsel of record. A copy of the Notice of Filing Notice of Removal, in the form in which it will be filed and served, is attached hereto as **Exhibit 5**.

WHEREFORE, Defendant Crane Co. requests that this Court assume jurisdiction over this matter on removal from the Third Judicial Circuit, Madison County, Illinois.

## DEMAND FOR JURY TRIAL

Crane Co. hereby demands a trial by jury in the above-entitled action.

46532464.1

        Respectfully submitted,

        Polsinelli P.C.

Dated: <u>November 25, 2013</u>    By:  <u>*Allison K. Sonneveld*</u>
        Allison K. Sonneveld (#06278487)
        100 South Fourth Street, Suite 1000
        St. Louis, MO 63102
        314-231-1950
        Fax: 314-231-1776

        Attorneys for Defendant CRANE CO.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 25, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

        <u>/s/ *Allison K. Sonneveld*</u>

46532464.1