IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELAINE   MOHLER,   *individually   and   as*)
*Special Administrator for the Estate of LARRY*)
*MOHLER, Deceased,*                                              )
                                                                          )
            Plaintiff,                                            )
                                                                          )
            v.                                                         )            Case No. 3:13-cv-1221-DGW-SCW
                                                                          )
AIR & LIQUID SYSTEMS CORPORATION,)
et al.,                                                                )
                                                                          )
            Defendants.                                        )

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Remand filed by Plaintiff, Elaine Mohler, on December 19, 2013 (Doc. 73) and the Response thereto filed by Defendant, Crane Company, on January 24, 2014 (Doc. 171).   For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

On September 18, 2013, Plaintiff, Elaine Mohler, filed a Complaint in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, alleging various Counts against one-hundred Defendants related to her deceased husband's, Larry Mohler's, asbestos exposure.   Plaintiff alleges that while Mr. Mohler worked as a pipefitter while in the United States Navy from 1956 to 1959, and in various other employ thereafter, he was exposed to asbestos fibers that were "manufactured, sold, distributed, or installed by Defendants" (Complaint, p. 4-5).   Mr. Mohler allegedly discovered, around October 26, 2011, that he suffered from Mesothelioma, a fatal disease linked to asbestos containing products, and died as a result on April 14, 2012.   The

Complaint includes 9 Counts, based on state law, which allege, in part, that Defendants' products contained a design defect (the use of a dangerous substance) and that they failed to warn persons of the dangers or provide adequate safety instructions/equipment (Complaint, Counts I and II). Plaintiff further alleges that: Defendant Metropolitan Life Insurance Company conspired with others to misrepresent the negative effects of asbestos (Count III); various Defendants fraudulently misrepresented the dangers of asbestos exposure (Count IV); various Defendants committed battery by intentionally exposing Mr. Mohler to asbestos fibers (Count V); various Defendants negligently exposed, failed to warn, failed to abate, failed to instruct, failed to provide safety equipment, and failed to treat Mr. Mohler despite knowing the dangers of asbestos exposure (Count VI); various Defendants willfully and wantonly exposed, failed to warn, failed to abate, failed to instruct, failed to provide safety equipment, and failed to treat Mr. Mohler despite knowing the dangers of asbestos exposure (Count VII); that Defendant Honeywell International, Inc. manufactured/sold/distributed asbestos containing material that were defective and highly toxic (Count VIII); and, a loss of consortium claim (Count IX) .

On November 25, 2013, Defendant Crane Company timely removed this matter, in a manner consistent with 28 U.S.C. § 1446, based on the Federal Officer Removal statute, 28 U.S.C. § 1442(a)(1).[1]   Plaintiff now seeks remand of this matter, arguing that the statute does not apply.

### STANDARD

In general, any civil action filed in state court may be removed to the district court if this

---

[1] Only Defendant Crane Company has signed the Notice of Removal.  "As a general rule, all defendants must join in a removal petition in order to effect removal" when removal is based on 28 U.S.C. § 1441.  *Northern Illinois Gas Co. v. Airco Indus. Gases, A Division of Airco, Inc.*, 676 F.2d 270, 272-273 (7th Cir. 1982).   An exception to this general rule is when removal is pursuant to 28 U.S.C. § 1442, as is the case at bar.   *See Ely Valley Mines, Inc. v. Hartford Acc. and Indem. Co.*, 644 F.2d 1310, 1314-1315 (9th Cir. 1981).

court would have original jurisdiction.   28 U.S.C. § 1441.   When a matter is removed based on federal question, the complaint itself must set forth an action based on federal law; "Federal jurisdiction cannot be predicated on an actual or anticipated defense" – i.e. the well-pleaded complaint rule   *Vaden v. Discovery Bank*, 556 U.S. 49, 59-60 (2009).   An exception to this well-pleaded complaint rule arises when a Defendant properly invokes the federal officer removal statute, which provides that cases brought against a "federal officer and their agents for actions done under the immediate direction of the national government," may be removed to federal court. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1179-1180 (7th Cir. 2012) (citations and quotation marks removed); 28 U.S.C. § 1442.   The burden is upon the removing party to establish that removal is proper.   *Id.* at 1180.   In order for the federal officer removal statue to apply to Crane Company, it must show that: "it was a (1) person (2) acting under the United States, its agencies, or its officers (3) that has been sued for or relating to any act under color of such office, and (4) has a colorable federal defense to the plaintiff's claims."   *Id.* at 1180-1181 (quotation marks and citations omitted).

## DISCUSSION

There is no question that Defendant is a person and that Plaintiff's injuries arose while it was acting under the direction of the United States Navy.   Defendant has presented evidence that, during the relevant time period, it manufactured equipment for the Navy based on specifications and standards developed and mandated by the Navy.   (*See* Anthony D. Pantaleoni Affidavit, Doc. 3-3, pp. 1-2; David P. Sargent, Jr. Aff., Doc. 3-4, pp. 9-13).   The parties do dispute, however, whether Defendant has presented a "colorable federal defense to the plaintiff's claims."

As noted above, Plaintiff claims, in part, that Defendant negligently and/or willfully used asbestos in its products notwithstanding its dangerous characteristics and/or failed to warn of the

hazards of asbestos exposure.   As a defense to these claims, Defendant has set forth a government contractor defense as outlined in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), which would prevent liability "under state tort law for injury caused by a design defect."   In order to prevail on such a defense, Defendant must show that: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."   *Id.* at 512.   This defense would apply not only to Plaintiff's claim that Defendant tortuously used asbestos in its products, but also to his claim that Defendant failed to warn about the dangers of asbestos exposure.   *Ruppel*, 701 F.3d at 1184; *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1003 (7th Cir. 1996) ("It is well established that the government contractor defense articulated by the Supreme Court in *Boyle* may operate to defeat a state failure-to-warn claim.").[2]   As held by the Seventh Circuit, Defendant need only show that the defense is plausible, and not that it is "clearly sustainable."   *Ruppel*, 701 F.3d at 1182.   And, so long as the defense applies to one claim, the entire matter is appropriately removable.   *Id.* Defendant has adequately set forth a plausible federal defense to Plaintiff's claims.

Defendant has presented evidence that the United States Navy provided precise specifications, that the equipment manufactured by Defendant conformed to these specifications and that the Navy knew as much if not more about the dangers of asbestos used in the equipment –

---

[2]   As to failure-to-warn claims, Defendant must show that:

> (1) the government exercised its discretion and approved certain warnings; (2) the contractor provided the warnings required by the government; (3) the contractor warned the government about dangers in the equipment's use that were known to the contractor but not to the government

> *Oliver*, 96 F.3d at 1003-04.

thus establishing a colorable government contractor defense.   As indicated above, Defendant has presented evidence that it manufactured and supplied products based on and in conformity with particular Navy specifications – which included the material to be used.   (Pantaleoni Aff., Doc. 3-3, p. 2; Sargent Aff., Doc. 3-4).   Defendant also has presented evidence that, during the relevant time period, the Navy was extensively involved in setting standards and requirements for asbestos exposure, including safety standards.   (Samuel A. Forman Affidavit, Doc. 3-13, pp. 13-18).   With respect to failure-to-warn claims, the Navy "rejected participation from manufacturers in its efforts to alert its personnel to potential asbestos hazards in Navy operation."   (*Id.* at p. 23).   And, according to Dr. Forman, the Navy did not permit "a supplier of engineering equipment to a vessel or facility to affix or provide any asbestos-related warning with its equipment." (*Id.* at p. 24).   With respect to the third prong of a federal contractor defense, Dr. Forman's affidavit indicates that the Navy was not only knowledgeable "in the areas of asbestos and associated health conditions" but that "by the early 1940's, the Navy had become a leader in the field of occupational medicine related to, among other things, asbestos dust inhalation exposure."   (*Id.* at pp. 10-12).   Finally, there is evidence that the Navy affirmatively "rejected offers of assistance from other leaders in the field [of health and safety]."   (*Id.* at p. 13).

Plaintiff's arguments in favor of remand are unconvincing, especially in light of the Seventh Circuit's decision in *Ruppel*, and the evidence presented by Defendant.   First, Plaintiff only addresses whether the federal contractor defense can be asserted against the failure-to-warn claim.   As indicated above, Defendants have presented a plausible government contractor defense to Plaintiff's use of asbestos claim.   This is sufficient to warrant removal and this Court's jurisdiction.   Second, Plaintiff attacks the value of Defendant's evidence (indicating that the opinions of Dr. Forman are "conjecture and speculation").   This argument also misses the mark:

Defendant need not present definitive proof of its defense – it merely must offer a colorable defense.   Plaintiff also argues that "Defendant Crane has produced no evidence that its products were on the ships the victim served upon or that it, as opposed to one of its numerous and unaffiliated distributors, sold the products at issue to the U.S. Navy."   This argument shifts the ultimate burden of proof and leads to the question of why Crane Company was then named as a Defendant, *by Plaintiff*.   This Court offers no opinion on the actual viability of Defendant's federal contractor defense.   Defendant has, however, shown that it was a person acting under the United States Navy that has been sued for or relating to any act under color of such office and that it has a colorable federal defense to Plaintiff's claims.

CONCLUSION

For the foregoing reasons, the Motion to Remand filed by Plaintiff, Elaine Mohler, on December 19, 2013 is **DENIED** (Doc. 73).

**IT IS SO ORDERED.**

**DATED: June 9, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**