IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELAINE MOHLER, *individually and a*
*Special Administrator for the Estate of Larry*
*Mohler, Deceased*,

                Plaintiff,

    vs.

AIR & LIQUID SYSTEMS CORPORATION,
*et al.*,

                Defendants.

Case No. 13-cv-1221-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendants Certainteed Corporation's, Imo Industries Inc.'s, and Parker-Hannifin Corporation's (collectively "Defendants") Motions to Dismiss Count IX of Plaintiff's First Amended Complaint (Docs. 495, 498 & 500). For the following reasons, the Court **DENIES** the motions.

Plaintiff brings this claim on behalf of decedent Larry Mohler for injuries allegedly resulting from Decedent's exposure to asbestos-containing products manufactured, sold, or distributed by Defendants. In her initial Complaint, Plaintiff pleaded a "Loss of Consortium" claim in Count IX (Doc. 3-2, p. 43). Thereafter, Plaintiff filed her First Amended Complaint (Doc. 472). Plaintiff's First Amended Complaint (Doc. 472) does not contain a "Count IX" or any count entitled "Loss of Consortium."

Apparently without reading the First Amended Complaint, Defendants now argue that Count IX must be dismissed "because a claim under the Illinois Wrongful Death Act renders a separate claim for loss of consortium superfluous" (Doc. 495, p. 1). Plaintiff, also not reading her First Amended Complaint, responded to Defendants' motions arguing that Count IX is

properly pled because her consortium claim is an element of her damages under Illinois'

wrongful death statute.

Needless to say, Defendants' Motions to Dismiss (Docs. 495, 498 & 500) are **DENIED**

as there is no Count IX or separately-pleaded Loss of Consortium claim in Plaintiff's First

Amended Complaint.


**IT IS SO ORDERED.**

**DATED:** March 6, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
