IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELAINE MOHLER, *individually and a*
*Special Administrator for the Estate of Larry*
*Mohler, Deceased*,

        Plaintiff,

    vs.

AIR & LIQUID SYSTEMS CORPORATION,
*et al.*,

        Defendants.

Case No. 13-cv-1221-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Renewed Motion for Remand (Doc. 737) to which no defendant has responded.  For the following reasons, the Court **GRANTS** the motion.

Plaintiff filed this case in the Third Judicial Circuit, Madison County, Illinois on September 18, 2013.  On November 25, 2013, defendant Crane Co. removed (Doc. 3) the case based upon federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).  On February 19, 2015 the Court dismissed defendant Crane Co. (Doc. 736).  Based upon Crane Co.'s dismissal, Plaintiff now seeks to remand the case back to state court.

Elimination of the defendant justifying removal pursuant to 28 U.S.C. § 1442(a)(1) "does not oust the district court of jurisdiction."  *IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 159 (5th Cir. 1982); *see also Oyler v. Nat'l Guard Ass'n of the United States*, 743 F.2d 545 (7th Cir. 1984).  However, "1442(a)(1), through its creation of an ancillary jurisdiction, confers discretion on the district court to decline to exercise continued jurisdiction over [the non-federal defendants'] claims once [the defendant justifying jurisdiction]

dropped out of the case." *Id.* Whether the ancillary claims must be remanded "depends on considerations of comity, federalism judicial economy, and fairness to litigants." *Futch v. AIG, Inc.*, 07-cv-402-GPM, 2007 WL 1752200, at \*4 (S.D. Ill. Jun. 15, 2007) (citing 14C Wright, Miller, Cooper & Steinman, Federal Practice & Procedure § 3727). "Once this discretion to decline jurisdiction is exercised, the proper procedure is to remand the case under § 1447(c), for at this point the case becomes one 'removed improvidently and without jurisdiction.'" *IMFC Prof'l Servs.*, 676 F.2d at 159.

Here, defendant Crane Co, the only basis for federal jurisdiction, has been dismissed from this case. The claims in this case are governed by state law. Further, Plaintiff's choice of forum is state court, and Defendants have expressed no objection to that forum. Based on the foregoing facts, the Court declines to exercise jurisdiction over this case.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Renewed Motion for Remand (Doc. 737) and **REMANDS** this case to the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED:** April 2, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
